**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| GLENN A. WEISSMAN<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:25-CV-562-JEM |
| | ) | |
| FRANK BISIGNANO, Commissioner of the Social Security Administration,<br>Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Glenn A. Weissman on December 15, 2025, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 14], filed May 26, 2026. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On August 11, 2026, the Commissioner filed a response, and Plaintiff filed a reply on September 16, 2026. For the following reasons, the Court affirms the Commissioner's decision.

**I. Background**

On September 15, 2019, Plaintiff filed applications for benefits, alleging onset on April 11, 20211, with a date first insured of April 1, 2018. Plaintiff's application was denied initially and upon consideration. It was appealed to this court and remanded back to the ALJ for additional analysis. On October 29, 2024, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff, along with an attorney, and a medical expert ("ME") testified, with a supplemental hearing on March 4, 2025, involving Plaintiff, along with an attorney, and the testimony of the ME and a vocational expert ("VE"). On March 8, 2025, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2022.

2. The claimant has not engaged in substantial gainful activity since April 1, 2018, the date first insured.

3. The claimant has the following severe impairments: major depressive disorder; generalized anxiety disorder; attention deficit hyperactivity disorder (ADHD); and marijuana use; and gender dysphoria.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can understand, remember, and carry out simple instructions and make simple work-related decisions. The claimant can tolerate less than occasional changes in work setting. The claimant can work at a consistent pace throughout a workday, but not at a production rate pace where each task must be completed within a strict time deadline. The claimant can meet end of day goals. The claimant can tolerate occasional interaction with coworkers, supervisors, and the public. The claimant's work should be primarily alone but contact with others is not entirely precluded meaning that the claimant may work in proximity to others, but the job tasks would not involve working with others. To limit the duration and intensity of those interactions, there should be no teamwork or tandem tasks.

6. The claimant is unable to perform any past relevant work.

7. The claimant was a younger individual age 18-49 on the date first insured.

8. The claimant has at least a high school education.

9. Transferability of job skills is not an issue because the claimant's past relevant work is unskilled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability as defined in the Social Security Act from April 1, 2018, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

## III. Analysis

Plaintiff argues that the ALJ erred in her determination of Plaintiff's RFC and argues that her evaluation of a psychologist report did not comply with the regulations. The Commissioner argues that the decision is supported by substantial evidence.

First, Plaintiff argues that the ALJs omission of a limitation to one- or two-step instructions in the RFC was not supported by substantial evidence. One of the non-examining state agency consultants opined that Plaintiff's mental impairments would cause difficulties in ability to concentrate and carry out detailed instructions, among other things. The ALJ found the opinion as a whole to be partially persuasive, noting that "the language used in the prior administrative medical findings, such as 1-2 step instructions, . . . are not vocationally defined and thus, do not adequately articulate the limitations for use in a residual functional capacity," and the Medical Examiner "opined that a limitation to 1-2 step instructions is not supported by overall evidence." AR 1276. Plaintiff argues that a limitation to one- or two-step instructions is vocationally defined and should have led to a conclusion that Plaintiff is limited to jobs with a Reasoning Development Level of one as defined in the Dictionary of Occupational Titles ("DOT"). As the Commissioner argues, the DOT reasoning levels do not map onto the regulatory definitions as used in RFCs. *See, e.g., Rhonda F. v. Kijakazi*, No. 3:21CV254, 2022 WL 292738, at *6 (N.D. Ind. Feb. 1, 2022) (noting "semantic differences between the language in an RFC assessment and the language in the DOT's GED Scale," and that "DOT and Social Security regulations use markedly different standards for addressing a claimant's ability to understand, remember, and concentrate on job duties.") (quoting *Eggleston v. Colvin*, No. 13-C-5208, 2015 WL 2208221, at *5 (N.D. Ill. May 7, 2015) (quotation marks omitted). In addition, the ALJ also explained her reasoning to discount the instruction limitation, finding the opinion of the testifying medical examiner who reviewed all of the medical evidence and observed the testimony of Plaintiff at the hearing, and was examined at length by Plaintiff's attorney, to be more persuasive than the four-year-old opinion of an agency reviewer.

In short, the ALJ explained why she did not incorporate this particular limitation into the RFC or give as much weight to this examiner's opinion based on other information in the record, explicitly addressing the factors of how the medical opinion is supported and how consistent it is with other evidence, 20 C.F.R. § 404.1520c(b), (c).

Plaintiff also argues that the ALJ's decision to discount the opinion of psychologist Dr. Parks was illogical. The ALJ found the opinion to be "not supported, as Dr. Parks did not treat the claimant at all," and "not consistent with the record showing that the claimant would not consistently miss work even after [her] 2019 inpatient stay." AR 1279. Plaintiff argues that although Dr. Parks did not treat Plaintiff himself, he supervised Plaintiff's therapist and was therefore familiar with Plaintiff's treatment. Plaintiff points out that the ALJ gave weight to other non-treating medical professionals and asserts that Dr. Parks gave support and explanations for his opinions. The Commissioner argues that the ALJ explained how the she analyzed the consistency of Dr. Park's opinion with the rest of the record. She also explained her reasoning for giving other non-treating medical professionals weight, including their more extensive review and access to more recent treatment records showing improvement. "[W]hen it comes to a medical opinion specifically, an ALJ must evaluate the persuasiveness of the opinion for its supportability and consistency. The evaluation also must articulate and explain how the ALJ considered the supportability and consistency factors in her decision." *Jones v. Dudek*, 134 F.4th 991, 994 (7th Cir. 2025) (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a), 404.1520c(b)(2), 416.920c(b)(2)) (quotation marks omitted); *see also Liapis v. Bisignano*, 180 F.4th 946, 951 (7th Cir. 2026) (remanding because the ALJ "never stated that [the doctor]'s opinion was not supported by relevant, objective medical evidence (supportability), and he never stated that [the doctor]'s opinion was inconsistent with the other evidence (consistency), as required by §

404.1520c(b)(2)"). In this case the ALJ explained the supportability of Dr. Park's opinion and its consistency with the record.

The ALJ gave weight to the opinion of the ME who reviewed Plaintiff's entire medical record, listened to Plaintiff's testimony, and gave a detailed basis for his opinions, including reference to specific records and medical opinions. Plaintiff may disagree with the conclusions reached by the ME that were relied on by the AL, but a court's job is not to reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)).

An ALJ's decision denying benefits will be affirmed "so long as it is supported by substantial evidence, a threshold that is not high." *Chrisman on behalf of N.R.C. v. Bisignano*, 137 F.4th 618, 624 (7th Cir. 2025) (citations and quotation marks omitted). ALJs are required to build a logical bridge spanning the evidence and conclusions "sufficient to allow [the reviewing court] to assess the validity of the ultimate findings and afford meaningful review," and must not "ignore a line of evidence supporting a finding of disability." *Id.* The ALJ did so in this case. Despite Plaintiff's desire for the ALJ to weigh the evidence differently in this case, the ALJ complied with the applicable directives and drew a logical bridge between the evidence and her conclusion.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 14] and **AFFIRMS** the Commissioner of Social Security's final decision

SO ORDERED this 23rd day of November, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record